IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELOY A. FIRA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-cv-00040 |
| | § | |
| CHESAPEAKE OPERATING, L.L.C., | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff Eloy A. Fira complains of Chesapeake Operating, L.L.C., ("Defendant") and would respectfully show that:

### I.
### JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1391(b)(2), the United States District Court for the Western District of Texas, San Antonio Division, is an appropriate venue as a substantial part of the events or omissions giving rise to the claim occurred within the district.

2.      This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity amongst the parties and the amount in controversy exceeds the sum or value of $75,000.00.

3.      Plaintiff seeks recovery of damages within the jurisdictional limits of this Court.

### II.
### PARTIES

4.      Plaintiff is a resident of Fort Bend County, Texas.

5.      Defendant Chesapeake Operating, L.L.C., is an Oklahoma limited liability company doing substantial business within the State of Texas. Defendant Chesapeake Operating, L.L.C., may be served by and through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## III.
## FACTS

6.      On or about July 17, 2018, Plaintiff was employed by Ranger Energy Services, who is not a party to this suit, and was working at a Chesapeake rig within the district.

7.      While working on the rig, Defendant Chesapeake's supervisor on site—known currently only by his first name, "Jose"—directly instructed Ranger Energy employees on how to conduct their work.

8.      The instructions given were detailed, specific, controlled both the means and ends of the work, and specified which tools to use.

9.      Specifically, Plaintiff was instructed to use a 36-inch wrench to turn the rod on the rig.

10.     This caused the tension to build up and eventually resulted in the rod rapidly uncoiling with the wrenches still attached.

11.     The spinning 36-inch wrench repeatedly struck Plaintiff violently and forcefully.

12.     Plaintiff was then life-flighted to Brooke Army Medical Center.

13.     As a result of the incident, Plaintiff has suffered severe and lasting physical injuries.

14.     Should negligence committed within the course and scope of their employment, agency, or representation of Defendant Chesapeake be established on the part of any employee, agent, or representative of Defendant Chesapeake, Defendant Chesapeake should be held vicariously liable for such negligent acts and omissions under the doctrine of *respondeat superior*.

## IV.
## CAUSES OF ACTION

### A.     *Negligence, Negligence per se, and Gross Negligence against Defendant*

15.     Defendant is liable to Plaintiff under the theories of negligence, negligence per se, and gross negligence. Plaintiff sustained injuries because of Defendant's negligence, negligence per se, and gross negligence when Defendant:

a. Failed to properly supervise employees;

b. Failed to provide a reasonably safe work environment;

c. Failed to conduct operations with due care;

d. Failed to adequately maintain equipment;

e. Failed to adequately train employees;

f. Failed to exercise due care in all undertakings;

g. Failed to utilize proper equipment;

h. Failed to direct employees and contractors with due care;

i. Failed to implement and exercise reasonable safety precautions;

j. Violated applicable local, state, and federal laws and/or regulations; and

k. Other acts so deemed negligent and grossly negligent.

16.     Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant's conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of its conduct. Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  Defendant is therefore liable for exemplary damage.

17.     Defendant is liable for the torts committed by their employees during the course and scope of employment. Specifically, Defendant's employees, servants, or agents, acting within the course and scope of their employment, and in furtherance of Defendants' business, had a general duty to exercise reasonable care in performing their work. Should negligent or grossly negligent acts and/or omissions on the party of Defendant's employee(s), servant(s), or agent(s) be determined to be a proximate cause of Plaintiff's injuries, Defendant is liable for those negligent or grossly negligent acts and omissions under the doctrine of *respondeat superior*.

## V.
## DAMAGES

18.     As a direct and proximate result of the negligence, negligence per se, and gross negligence of Defendant, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will

continue indefinitely as a proximate result of Defendant's negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with his injuries

19.     Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant's conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of their conduct.  Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  Defendant is therefore liable for exemplary damages.

## VI.
## JURY DEMAND

20.     Plaintiff hereby demands a trial by jury.

## VII.
## PRAYER

21.     For the reasons discussed herein, Plaintiff pray this court cite Defendant to appear and to answer herein and that Plaintiff have judgment taken against Defendant, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages

- Costs of Court;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PIERCE SKRABANEK PLLC**

*/s/ M. Paul Skrabanek*

_____

M. Paul Skrabanek
Texas Bar No. 24063005
SDTX No. 919474
paul@pstriallaw.com
Pierce Skrabanek PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: 832-690-7000
Facsimile: 832-616-5576

OF COUNSEL:
Michael E. Pierce
Texas Bar No. 24039117
SDTX No. 597900
michael@pstriallaw.com
Pierce Skrabanek PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: 832-690-7000
Facsimile: 832-616-5576

**ATTORNEYS FOR PLAINTIFF**